**YELLOW CAB CO., Inc., v. TREADWELL.**

No. 9551.

Court of Civil Appeals of Texas. San Antonio.

June 19, 1935.

Rehearing Granted Aug. 14, 1935.

Rehearing Overruled Nov. 6, 1935.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

Charles J. Lieck and Tafolla & Ramirez, all of San Antonio, for appellee.

BICKETT, Chief Justice.

This is an appeal by Yellow Cab Company, Incorporated, defendant below, from a judgment in favor of Phil E. Treadwell, plaintiff below, for $1,775, for damages for alleged personal injuries and property damage resulting from a collision of automobiles on February 10, 1931, in the city of San Antonio.

There were the usual issues of negligence, discovered peril, and contributory negligence, all of which were answered by the jury in favor of plaintiff.

A brief description of the occurrence will suffice. West Josephine street, a thoroughfare, runs from east to west. Euclid street runs into Josephine street from the south practically at right angles, but does not cross it. On the night of the date mentioned, plaintiff was driving his car westward, and defendant's driver was driving the cab in the opposite direction on Josephine street, when at the point of the opening of Euclid street plaintiff's car, turning southward into the latter street, and defendant's cab, proceeding straight ahead, collided. The two drivers were the only eyewitnesses. The testimony of each of them was such as to exonerate himself, and to convict the other, of negligence. The physical condition of the two cars, with the principal external damage to the left front fender and wheel of plaintiff's car and the left side of the cab, also gave rise to diverse contentions as to the cause and manner of the accident. Plaintiff claimed that the cab struck his car just inside the left fender in a sort of half head-on collision; while defendant asserted that plaintiff's car struck the cab with the left front end of the car ramming into the left side of the cab. Those conflicts in the testimony, as well as in the physical circumstances, were resolved by the jury, as indicated.

■ In the light of the foregoing statement, the assignments of error and propositions with reference to the sufficiency of the evidence to warrant the overruling of defendant's motion for a peremptory instruction and the submitting of the special issues on negligence to the jury are overruled.

■ The submission of the issue of discovered peril and the form thereof do not present reversible error, because, if erroneous, the judgment would be sustainable,

278

if otherwise free from error, upon the findings of negligence. Upon another trial, however, care should be taken to embody all of the elements under that doctrine.

■ The special issues tendered by defendant on the contributory negligence of plaintiff, with regard to having his car under proper control, yielding the right of way, and observing the law of the road, were properly refused because substantially embodied in other issues.

The witness Schodts, who repaired plaintiff's car and testified to the damage thereto, was erroneously permitted, over objection, to testify from a picture (not displayed before the jury) of another wrecked automobile as to the nature of a head-on collision. But the error was not subsequently relieved by the trial court striking out the testimony and instructing the jury not to consider it. The subsequent ruling and instruction of the court did not in itself constitute error; but it failed to neutralize the error of originally permitting the questions to be asked and answered. And the fact that 36 hours' time intervened between the giving of the testimony and the ruling and instruction only tended to accentuate the original error.

Defendant complains of the closing argument of plaintiff's counsel to the jury, in discussing the testimony of one of defendant's witnesses who had testified as to the appearance of the cab after the collision, wherein he put the question: "Well, did he see this car, or was he thinking about another wreck he had seen, another yellow cab he had seen, that is what I want to know, was he talking about this particular wreck or another yellow cab in a wreck he had seen?" The court, on prompt objection, ruled: "The reference to any other wrecks is improper and will be stricken out." The effect of these remarks of counsel was, undoubtedly, to suggest that there may have been other cabs of defendant in wrecks. And this suggestion is to be considered in the light of the testimony elicited by plaintiff's counsel from the witness Schodts, whose testimony from a picture in his hand with reference to some other head-on collision was before the jury for a time. The trial court properly ruled that both the testimony and the argument were improper. But the question remains as to whether we can say affirmatively that the argument was without prejudice. This we cannot do after having read the entire statement of facts of 260 pages. Upon the contrary, with the issues closely drawn, there is every reason to believe that the matters improperly injected had an effect favorable to plaintiff and prejudicial to defendant. Texas Indemnity Ins. Co. v. McCurry (Tex. Com. App.) 41 S.W.(2d) 215.

Other alleged errors, not necessary to be discussed here, will probably not arise upon a future trial.

The judgment of the district court is reversed, and the cause remanded.

### On Motion for Rehearing.

SMITH, Chief Justice.

Upon further consideration, on appellee's motion for rehearing, we have concluded that the judgment appealed from should not be reversed, but affirmed.

■ In the original disposition of the appeal it was held that the trial court erred in admitting certain testimony of the witness Schodts concerning, or from, a photograph of an automobile which had been in a head-on collision, and giving his opinion, as an expert, as to the effects upon cars which had been in head-on collision. We have concluded that the incident complained of did not show harmful error, or error of which appellant may complain in this court. Appellant's complaint of this transaction is presented in its propositions 25, 26, 28, 29, and 30, based upon its bills of exceptions 1 and 2.

It appears from those bills that during the direct examination of appellee's witness, Schodts, appellee's counsel handed him a photograph of an automobile which had been in a head-on collision, and asked him if the photograph represented "damage to an automobile that is in a head-on collision." Appellant made no objection to the question, or to the witness' use of the photograph in answering it, whereupon the witness answered, "Yes, sir, that is a head-on collision." Then, after that answer was in evidence, appellant's counsel said: "I do not think that has any materiality in this case, if the Court please. I don't know what it is. There is no contention of a head-on collision here by either side in this case. This is a picture, the witness says, of a head-on collision." The court overruled the objection, and, while appellant excepted to that ruling, it made no request that the evidence be excluded. It, therefore, remained in evidence with appellant's

acquiescence. The witness was then permitted to testify further, without objection from appellant, as follows:

"Q. Now, does this picture show what happens to a radiator in a head-on collision? A. Radiator, lights and the front end of the car.

"Q. What damage is done to an automobile like that that is run into head-on? A. Why, in a head-on collision, your both frames—your both arms and frames are bent back, your two headlights, will go off, your two fenders, your radiator will be shoved back and hood smashed.

"Q. What about the axle? A. The axle will be bent."

Whereupon, the following proceedings were had:

"Mr. Nowlin (attorney for appellant): We make the same objections to this picture.

"The Court: I will hear you on that objection."

The Court retired the jury from the court room, whereupon the following proceedings were had out of their presence and hearing, to-wit:

"The Court: Now, Mr. Nowlin?

"Mr. Nowlin: I want it understood that our objection to this last testimony is to both the picture of the head-on collision (which is not a picture of anything in this case) and to the testimony of this witness as to what happened in the head-on collision; our objection to all that is that it is irrelevant and immaterial to any issue in this case, and because it is inflammatory, and prejudicial to the defendant's case, in showing a picture of a wreck.

"The Court: Gentlemen, I have doubt as to whether any of that testimony—those photographs at all—are admissible.

"Mr. Nowlin: Well, we have no objection to the pictures (Referring to pictures of the Plaintiff's Car, and in evidence in the case.)

"The Court: What do you say about that?

"Mr. Lieck: What—photograph of plaintiff's car?

"The Court: No, sir—the photographs about some other accident. That is a matter in reference to which the other side has had no opportunity to make any investigation.

"Mr. Lieck: Well, we will withdraw them.

"The Court: Well, strike it out, Gentlemen. I don't think it is admissible.

"Mr. Nowlin: Well, if the Court please, we made that objection at the time he offered that testimony. The objection was overruled, and it is before the jury and they have it.

"The Court: Well, I will tell the jury to disregard it. You can have your bill anyhow.

"Mr. Nowlin: Well, we would like to have the record show that objection was made at the time the evidence was offered."

The effect of those proceedings was that all the testimony here complained of was put in evidence, without objection from appellant, until after its admission, and that appellant made no motion to exclude it; that upon appellant's repetition of its objections, made in chambers and in the absence of the jury, the trial court agreed to exclude the testimony and, of course, would have done so upon, or any time after, the resumption of the trial, had appellant so requested; but, upon appellant's failure to make the request, the trial judge, upon his own motion, did exclude it at the conclusion of the whole evidence. And now appellant, in its propositions 28, 29, and 30, complains of the action of the court in excluding the very testimony of which it complains in its propositions 25 and 26. We conclude that the proceedings do not show error for these reasons:

First. The photograph was not offered, or presented, in evidence, and was never exhibited to the jury, and therefore could not have influenced the jury.

Second. The testimony complained of was already in evidence before appellant objected to it, and appellant made no motion to exclude it.

Third. Appellant, by insistence upon its objections, induced the trial judge, in chambers, to agree to exclude the evidence, but upon the resumption of the trial did not renew its objection, or move to exclude, leaving the burden of action thereon upon the trial judge, and therefore cannot complain that the trial judge waited until the close of the evidence to exclude the testimony.

Fourth. The record shows that the same witness at other times, and without objection from appellant, gave similar testimony to that here complained of, whereby appellant waived its objections to that testi-

mony, and rendered harmless the error, if any, in its admission.

Fifth. Even if the testimony was improperly admitted, it was not of such prejudicial nature as probably affected the jury's verdict, or as to require a reversal of the judgment, which is not claimed to be excessive in amount.

In the original opinion we also held to be reversible error the argument of appellee's counsel to the jury, that: "Well, did he see this car, or was he thinking about another wreck he had seen, another yellow cab he had seen, that is what I want to know, was he talking about this particular wreck or another yellow cab in a wreck he had seen?" We have concluded that in that respect, also, we were in error; that the language complained of was not of such inflammatory nature that its effect was not removed from the minds of the jury by the prompt action of the trial judge in condemning and instructing the jury to disregard it. In this conclusion we are not unmindful of the trend of decisions toward holding parties to strict account for improper argument of their counsel. But this court is not willing to extend that restriction to embrace incidents such as this. In the argument complained of, counsel simply propounded to the jury the oratorical question of whether a certain witness, in testifying to the condition of one of the cars involved, was thinking about that particular car, or "about another Yellow Cab wreck he had seen." It is not conceivable that the incident was so inflammatory, and so poisoned the minds of the jury against appellant, that its influence survived the admonition of the trial judge.

In its proposition 31 appellant complains of the statement, in the argument of counsel for appellee, that he wanted the jury to answer a certain special issue in the affirmative. Upon appellant's objection, appellee's counsel withdrew the statement and requested the jury to disregard it, and the trial judge likewise admonished the jury. If the argument constituted error, which is doubtful, certainly it was not such error as to provoke reversal, especially in the face of the request of its author, and the admonition of the court, that it be disregarded by the jury.

In its propositions 3, 4, 5, and 6, appellant complains of the overruling of its special exceptions to appellee's petition, upon the grounds that the allegations of appellant's negligence were too general. As those allegations were elaborated, in the petition, by specific allegations, to which appellee was restricted in his proof and recovery, the trial court did not err in overruling those exceptions.

In its propositions 7, 8, 9, 10, and 11, appellant complains of appellee's allegation and proof of an ordinance of the city of San Antonio, and violation thereof by appellant's driver, prohibiting drivers from operating automobiles past street intersections, in congested traffic centers, at a rate of speed in excess of 12 miles per hour. It is urged, first, in propositions 7 and 8, that the ordinance is in conflict with the general state law restricting traffic to a 20-mile rate of speed within the limits of towns and cities. Article 827a, § 8, Vernon's Ann. P. C. We overrule that contention. The statute cited is not contravened by a municipal regulation of the operation of automobiles at street intersections in congested traffic centers. Lamar & Smith v. Stroud (Tex. Civ. App.) 5 S.W.(2d) 824; Miks v. Leath (Tex. Civ. App.) 26 S.W.(2d) 726. There is no proper statement from the record to support appellant's propositions 9, 10, 11, and 32, and they will not be considered.

We adhere to the holdings in the original opinion upon the remaining contentions of appellant, but recede from the holdings in that opinion that the trial court committed reversible error in the matters there discussed and held to show error.

Appellee's motion for rehearing will be granted, and the judgment affirmed.