**CONNOR v. HEARD & HEARD, Inc.**

No. 12191.

Court of Civil Appeals of Texas.
San Antonio.

June 13, 1951.

Rehearing Denied Sept. 19, 1951.

Lyman, Pittman & Schraub, Corpus Christi, for appellant.

Kemp, Lewright, Dyer & Sorrell, Corpus Christi, for appellee.

NORVELL, Justice.

In this case, plaintiff's automobile after having been allegedly forced off the road by defendant's truck collided with a culvert. Judgment was rendered that the plaintiff, John R. Connor, take nothing against the defendant, Heard & Heard, Inc. The jury found the plaintiff guilty of contributory negligence.

The collision took place on the 20th day of October, 1947, at approximately 10:40 p. m. on the Corpus Christi-Robstown Road, a four-lane highway (No. 44) connecting the two cities. The two lanes of the southern portion of the road are used by east-bound traffic going toward Corpus Christi, while the northernmost lanes carry the west-bound traffic going toward Robstown. The two sets of lanes are divided by a borrow ditch. Both the tractor-trailer truck owned by appellee, Heard & Heard, Inc., and being operated by James Lee Stewart, and the automobile being driven by plaintiff were traveling in an easterly direction toward Corpus Christi, when the collision occurred.

The jury found, among other things, that Stewart, the truck driver, suddenly changed the course of his vehicle from the right-hand lane to the left-hand lane without giving a warning or signal of such intention, and that he failed to determine whether any other vehicle was passing or preparing to pass his truck before he turned or drove into the left lane of the highway. The jury also found that plaintiff, John R. Connor, was operating his automobile at a rate of speed in excess of fifty-five miles per hour immediately before the collision took place, and that he failed to have his automobile under proper control at such time. The jury further found that the acts or omissions mentioned constituted negligence and were proximate causes of plaintiff's automobile colliding with a culvert located in the area separating the east-bound and west-bound lanes of the highway.

By his first point John R. Connor, as appellant, asserts that this case should be reversed because of improper argument to the jury. The argument complained of was made by the attorney for the appellee and was as follows: "When you reach 29, 30, 31, 32, 33 and 34 (appellee's contributory negligence issues) there is not any way to answer those under the facts of this case other than 'Yes.' * * *. And I submit to you gentlemen, and beg and plead with you, when you come out into the jury room and get to the questions 29 to 34, give them careful consideration, and if somebody speaks up and says, 'Oh well, I think he ought to have something,' and the Court warns you to disregard that in giving your verdict, and say to him 'We took an oath,' and look him in the eye, and (say) 'We said that if speed was one of the causes of this accident that we would not hesitate to so say.'"

No objection was made to this argument at the time it was made and it is asserted here that the argument was so prejudicial that it could not have been cured by an instruction of the court.

██ We do not regard the argument as being improper. It was asserted that under the facts of the case certain questions should have been answered "Yes," and that the jury should not answer the questions in such a way as to render the verdict for the plaintiff regardless of the evi-

dence. The jurymen were reminded of their oaths and it was urged that if they believed that speed was one of the causes of the accident they should say so by their verdict. It is not improper to contend that under the court's charge the evidence requires that affirmative or negative answers be returned to certain issues. We overrule appellant's first point. Dallas Railway & Terminal Co. v. Bishop, Tex.Civ. App., 203 S.W.2d 651; Yellow Cab Co. v. Treadwell, Tex.Civ.App., 87 S.W.2d 276; Texas Life Ins. Co. v. Plunkett, Tex.Civ. App., 75 S.W.2d 313.

■ By his second point appellant asserts that the court erred in excluding the testimony of the witness Otis B. Wilson and others, to the effect that Stewart, the truck driver, had stated in their presence, some time after the wreck occurred, that he had dozed off or fallen asleep immediately before the collision took place. The theory advanced by appellant seems to be that such testimony constituted a part of the res gestæ.

It seems to us that the exclusion of the proffered testimony, even if erroneous, was clearly harmless. As above pointed out, the jury found that Stewart changed the course of his truck "from the right-hand lane to the left-hand lane without giving any warning or signal of such intention before changing the course of said truck." The jury also found that this action constituted negligence and was a proximate cause of the collision. Upon these findings appellant would have been entitled to a judgment except for the jury's answers to the contributory negligence issues. The court submitted an issue inquiring as to whether or not Stewart dozed or fell asleep while operating the truck shortly before the collision. The jury answered this question in the negative. However, we think this issue was evidentiary rather than controlling. The controlling issue was whether or not the driver had changed the course of his truck from the right-hand lane to the left-hand lane without having given a proper warning or signal. This issue was answered in accordance with appellant's contention and liability of the appellee was avoided only by the finding that the appellant was contributorily negligent. The excluded evidence obviously has no bearing upon these later issues. We hold that appellant's second point does not present a reversible error.

■ By his third point appellant contends that the judgment must be reversed because of an alleged unauthorized communication between the bailiff and the jury. It appears that the judge with the consent of counsel for both parties had sent the bailiff to the jury room to ascertain approximately how long it would be before the jury returned their verdict. At that time, the jury had two issues to answer and one or more of the jurymen stated to the bailiff that they might "have a hung jury." One of the jurymen then asked if the bailiff would turn the jury loose if it was a hung jury and the bailiff replied that he had no right to turn the jury loose as that was a matter to be passed upon by the judge. Another juror then asked about how long the judge could keep the jury together, and the bailiff replied that the judge could keep the jury as long as he wanted to, as that was a matter which was "up to the judge."

Rule 283, Texas Rules of Civil Procedure, provides that, "The officer in charge of the jury shall not make nor permit any communication to be made to them, except to inquire if they have agreed upon a verdict, unless by order of the court; and he shall not before their verdict is rendered communicate to any person the state of their deliberation or the verdict agreed upon."

Appellant contends that the above rule was violated and that a reversal must follow. He cites Texas and Pacific Ry. Co. v. Hancock, Tex.Civ.App., 59 S.W.2d 313, 318, wr. ref. (decided in 1933). That case holds that a violation of Article 2195, from which Rule 283 was taken, constitutes "reversible error regardless of the question whether or not injury resulted therefrom to the losing party."

This rule, however, was expressly changed by the adoption of Rule 327, R. C.P., relating to misconduct of the jury

or of the officer in charge of them. Before a new trial can now be granted because of such action, it must reasonably appear "from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party." The rule as to misconduct of the officer in charge of the jury is the same as that applicable in case of misconduct of the jury itself. It is no longer sufficient to show that a procedural rule, in this case, Rule 283, was violated. Denbow v. Standard Accident Ins. Co., 143 Tex. 455, 186 S.W.2d 236. Rule 327 is discussed and construed in the leading case of Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462, and need not be elaborated upon here. The bailiff's answers appear to be the general replies given to jurors who not unnaturally inquire as to how long they will be required to further deliberate before their verdict. The bailiff in all probability told them nothing that they did not know—that this was a matter within the discretion of the trial judge. If, however, such action can be classed as misconduct, the further requisite showing of probable injury was not made.

Appellant's third point is overruled.

■ By his fourth point, appellant contends that the court erred in submitting one issue inquiring whether or not appellant immediately before the collision was "operating his automobile at a rate of speed in excess of 55 miles per hour" and another issue as to whether or not appellant was "operating his automobile at a rate of speed in excess of that which an ordinarily prudent driver in the exercise of ordinary care would have operated the same under the same or similar circumstances." It is asserted that the court gave a double submission of the "speeding question." It is obvious that one inquiry related to appellee's pleaded theory that appellant was guilty of negligence per se, Article 827a, § 8, Vernon's Penal Code, while the other issue was based upon common law negligence. It was not error to submit both pleaded issues. Fisher v. Leach, Tex.Civ.App., 221 S.W.2d 384; Hicks v. Brown, Tex.Civ.App., 128 S.W.2d

884; Id., 136 Tex. 399, 151 S.W.2d 790. The term "rate of speed" is a phrase in common use. We even speak of an automobile's "rate of speed" being ten miles per hour. By using the phrase, the trial court was not commenting upon the weight of the evidence.

Appellant's fourth point is overruled.

■ It was shown upon the trial that one of appellee's witnesses had been convicted in two cases of the offense of swindling with worthless checks. The trial court excluded from evidence a confession which had been used in the criminal prosecution, as well as the proffered testimony of a prosecuting officer that said witness had written approximately eleven worthless checks. The trial court's ruling was correct. Details of the charges or conviction may not be shown. McCormick & Ray, Texas Law of Evidence, pp. 396, 397. Appellant's contention that such evidence was admissible for impeachment purposes is without merit and his fifth and sixth points are overruled.

■■ Appellant, in his motion for new trial, charged jury misconduct. The court overruled the motion and upon appellant's request filed findings of fact and conclusions of law relating to the matters raised in the motion for new trial. By his seventh point, appellant asserts that the trial judge erred in refusing to file additional findings. The Rules of Civil Procedure do not require a judge to file findings of fact and conclusions of law upon a motion for new trial in a jury case. When such findings are filed, they may be considered by the appellate court, Scoggins v. Curtiss and Taylor, 148 Tex. 15, 219 S.W. 2d 451, but error cannot be predicated upon the trial judge's refusal to file the same. Often the granting of such request would necessitate a delay in the filing of the transcript in the Court of Civil Appeals and would in most cases serve no useful purpose. It follows that error cannot be based upon a failure to file other and additional findings. It might be said that in this case the findings and conclusions filed by the trial judge seem to adequately cover the matters raised by testimony introduced upon

the hearing of the motion for new trial. Plaza Co. v. White, Tex.Civ.App., 160 S.W.2d 312. Appellant's seventh point is overruled.

■ By appellant's eighth point it is asserted that the jury findings are without support in the evidence and against the overwhelming preponderance of the evidence, and are in many instances contradictory and in irreconcilable conflict. We have heretofore set out the issues answered by the jury relating to the negligence of Stewart, the truck driver, and the contributory negligence of appellant. In our opinion such findings, together with the accompanying proximate cause issues, all have support in the testimony. There was evidence to which the jury could properly give credence supporting appellee's pleaded contention that appellant was travelling at a high and dangerous rate of speed and did not have his car under proper control immediately prior to the collision. One witness placed a seventy mile per hour estimate upon appellant's rate of speed. There was testimony that his car made skid marks eighty-eight feet in length before it left the hard surface of the highway and went onto the grass covering the area or ditch separating the east-bound and west-bound lanes, where it hit a culvert, "looped into the air" and landed on its side some forty-six feet from the end of the culvert. We overrule appellant's eighth point.

■ Appellant's ninth point, by various subdivisions, asserts eight grounds of jury misconduct. Judgment was rendered on January 28, 1950. Two months later, in March, 1950, a hearing was had upon the motion for new trial. Six jurors, the jury bailiff and two lawyers testified. The actions of the members of the jury during the course of their deliberations were thoroughly and exhaustively investigated, as disclosed by 111 pages of the statement of facts, which is devoted to the hearing

upon motion for new trial. A detailed discussion of the evidence would serve no useful purpose. The present rule governing the granting of a motion for new trial for jury misconduct is set out in Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462. Most of appellant's contentions fall under the rule that, "If the evidence is conflicting on the question as to whether or not the misconduct actually occurred, the decision of the trial court either way on that question should be accepted as final." For instance, one juror testified that he wished to change his vote on the answer to one question, but the foreman told him he had already voted and that it was too late to change his mind. The foreman flatly denied making the statement attributed to him. The trial judge held that the statement was not made and that holding is binding upon us.

■ A juror testified that he had not properly understood a phrase used in the court's charge before he answered the question. The phrase was neither a legal nor a technical one, and obviously few jury verdicts could stand as a practical matter if inquiry be made into the mental processes of each and every juryman to determine if he properly understood all the words and phrases of the court's charge. Further, it is not reversible error for juries to discuss the meaning of the charge so long as none of them purport to give instructions as to legal terms which are at variance with the court's charge.

In those instances where some deviation from the standard of proper conduct may have taken place, we are in agreement with the trial court that it does not reasonably appear that injury probably resulted to the appellant, the complaining party. Rule 327, R.C.P.; Tumlinson v. San Antonio Brewing Ass'n, Tex.Civ.App., 170 S.W.2d 620.

The judgment is affirmed.