Clifton L. McELWEE et al., Appellants,

v.

Mrs. Clara B. RICE, Appellee.

No. 3725.

Court of Civil Appeals of Texas.

Eastland.

July 27, 1962.

Rehearing Denied Sept. 7, 1962.

Carl C. Chase, Corpus Christi, Ellis Clark, Rockport, for appellants.

Guy Allison, Corpus Christi, for appellee.

WALTER, Justice.

Clifton L. McElwee and wife and their minor daughter filed suit against Mrs. Clara B. Rice for damages resulting from an automobile collision.

Mrs. McElwee was driving her automobile in a northerly direction on Eleventh Street in Aransas Pass. Mrs. Rice was driving east on Wilson Street. The accident occurred about 11 :00 o'clock in the morning at the intersection of Wilson and Eleventh Street. Mrs. McElwee approached the intersection at about 25 miles per hour. Mrs. Rice approached the intersection at about 5 miles per hour. She testified that she did not see the stop sign on her right as she entered the intersection nor did she see the McElwee car before the collision. The jury found that Mrs. Rice failed to keep a proper lookout as she entered the intersec-

tion and that this was a proximate cause of the collision. The jury also found Mrs. McElwee guilty of several acts of negligence and that each was a proximate cause of the collision. Based on the verdict, judgment was rendered that the plaintiffs take nothing. The court granted the minor plaintiff's motion for a new trial but overruled Mr. and Mrs. McElwee's motion for a new trial.

The adult plaintiffs have appealed, contending the court erred (1) in granting a partial summary judgment (2) in refusing to admit evidence relative to the stop sign (3) in refusing to admit in evidence photographs of the intersection showing the stop sign and (4) in refusing to admit evidence of Mrs. Rice's plea of guilty to a charge of running the stop sign. They also contend the verdict is contrary to the great weight and preponderance of the evidence.

In her motion for a partial summary judgment, Mrs. Rice alleged that the stop sign was illegally placed and maintained at the intersection and, therefore, she was under no obligation to obey it. The court held that the stop sign had been illegally erected and instructed appellants' counsel not to present evidence relative to the stop sign. Appellants then filed an amended petition which did not contain allegations that Mrs. Rice ran the stop sign.

■ Assuming, without deciding, that the court erred in granting the partial summary judgment and in refusing to admit evidence relative to the stop sign, we are of the opinion that reversible error is not shown. The jury found appellant guilty of several specific acts of negligence and that each was a proximate cause of the collision. Any error committed by the court relative to the stop sign was harmless in view of other evidence, particularly that of Mrs. McElwee's. In the absence of the jury, Mrs. McElwee testified that she knew the stop sign was located at said intersection and Mrs. McElwee's attorney asked her the following question, "Did the fact that she had a stop sign at that corner affect your thinking any with regard to your traveling through the intersection?" she answered, "Well, not necessarily." Therefore, it does not appear that the jury's answers to the issues relative to plaintiff's negligence would probably have been affected by the rejected testimony.

■ We have considered all the evidence and find that the verdict and the judgment are not contrary to the overwhelming weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W. 2d 660.

We have examined all of appellants' points and find no merit in them. They are overruled. The judgment is affirmed.