Katherine C. MORGAN, Appellant,

v.

J. C. PENNEY COMPANY, INC., et al., Appellees.

No. 8414.

Court of Civil Appeals of Texas, Amarillo.

Dec. 3, 1973.

George E. Gilkerson, Danny E. Hill, Lubbock, for appellant.

Crenshaw, Dupree & Milam, J. Orville Smith, Cecil C. Kuhne, Lubbock, for appellees.

REYNOLDS, Justice.

Pursuant to a trial of plaintiff's suit for false imprisonment, the jury found against plaintiff on the issues of liability and damages. A take nothing judgment was entered accordingly. The appeal from the judgment is premised on the incorrectness of a general instruction and a definition, both of which related to unanswered special issues. Absent an attack on either the form of, or the sufficiency of the evidence to support the jury's answers to, the controlling special issues, the substance of the points raised is not reached for determination. Affirmed.

Katherine C. Morgan named J. C. Penney Company, Inc., and its employee, Bob Jackson, and Associated Security Industries, Inc., and its employee, Debbie Perry, as defendants in her suit to recover damages for false arrest, imprisonment, restraint, and confinement by the defendants resulting from, so plaintiff alleged, their false accusation of shoplifting. By special issues nos. 1, 3 and 5, the court inquired whether defendants had, and the jury found defendants had not, falsely imprisoned plaintiff. Special issue no. 1 was followed by a definition of "false imprisonment" and "falsely imprisoned," to which special issues nos. 3 and 5 were referenced, for the jury's guidance in considering the issues. In response to special issue no. 8 inquiring about, and instructing on the in-

clusive elements of, damages, the jury answered "none." No point of error is addressed to the form of these issues, the definition, the instruction, or to the sufficiency of the evidence to support the jury's findings.

The court gave, preceding all special issues, a general instruction on reasonable detention that tracked verbatim, except for one omitted clause, the language of Vernon's Ann.P.C. art. 1436e, § 3. Special issues nos. 2, 4 and 6, asking whether the various defendants had reasonable ground to detain plaintiff, if she was detained, were conditionally submitted, to be answered only on respective affirmative findings to issues nos. 1, 3 or 5. Following special issue no. 2 was the court's definition of the term "reasonable ground," which also was made applicable to issues nos. 4 and 6. Issues nos. 2, 4 and 6 were not answered.

Plaintiff's appeal from the take nothing judgment entered on the jury's verdict is presented in three points of error. J. C. Penney Company, Inc., and Bob Jackson have responded. Neither Associated Security Industries, Inc., nor Debbie Perry has filed a brief.

While plaintiff's points of error are, as the responding defendants contend, multifarious and generally broad, the subject matter of alleged error is discernible and the points are considered as presented ·for reversible error. Quanah, Acme & Pacific Ry. Co. v. Hand, 484 S.W.2d 390 (Tex. Civ.App.—Amarillo 1972, writ ref'd n. r. e.). Two of the points embraced the complaint that the court's general instruction on reasonable detention is erroneous because V.A.P.C. art. 1436e, § 3, the authority for the instruction, is unconstitutional when measured by federal and state constitutional standards. The remaining point is that the court's definition of "reasonable ground" is erroneous. The thrust of plaintiff's ensuing argument is that the erroneous instruction and definition were calculated to and probably did cause the jury to return an improper verdict.

Whether the instruction and definition are erroneous is a matter we need not here decide, for, as the responding defendants reply, the judgment must be affirmed on other principles of law. By the same token, the constitutionality of the questioned statutory provision will not be considered since that determination is neither necessary nor appropriate to the disposition of the cause. Wood v. Wood, 159 Tex. 350, 320 S.W.2d 807 (1959).

■ The general instruction on the right of detention and the definition of "reasonable ground" for detention that are challenged on appeal were relevant to special issues nos. 2, 4 and 6, which were not answered by the jury. Generally, error claimed with respect to instructions and definitions applicable to special issues is not reversible error where the jury was not required to, and did not, answer those special issues. Texas and New Orleans Railroad Co. v. Broadway, 345 S.W.2d 814 (Tex.Civ.App.—Beaumont 1961, no writ); Security State Bank and Trust v. Craighead, 440 S.W.2d 701 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.). Moreover, the jury having answered all controlling issues with findings of no false imprisonment and no damages, and there being no point of error addressed to the issues or to the evidence, any error in the manner of submitting the instruction and the definition pertinent to the unanswered special issues became harmless. Ortiz v. Allergan Pharmaceuticals, 489 S.W.2d 135 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n. r. e.).

■ Furthermore, the take nothing judgment rests on the jury's answers to special issues nos. 1, 3, 5 and 8, to which no challenge is made as to form, or to accompanying definition and instruction, or to sufficiency of the evidence. The complained of instruction and definition have no relation to these controlling issues which were predicated upon an independent definition to which no objection is directed. The evidence in support of the controlling issues being unchallenged, there

is no reason to believe the jury would have answered these issues differently if the questioned instruction and definition had not been included in the charge. Thus, because the errors, if any, were not calculated to and probably did not cause the rendition of an improper judgment, reversal is prohibited under Rule 434, Texas Rules of Civil Procedure. See Texas & Pacific Ry. Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280 (1959). The points of error are overruled.

The judgment is affirmed.