**Paul GUIDRY, Appellant,**

v.

**HARRIS COUNTY MEDICAL SOCIETY, Appellee.**

No. 17958.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 28, 1981.

Rehearing Denied July 2, 1981.

John H. Holloway, Houston, for appellant.

Sam W. Cruse, Jr., Andrews, Kurth, Campbell & Jones, Houston, for appellee.

Before COLEMAN, C. J., and PEDEN and WARREN, JJ.

COLEMAN, Chief Justice.

Paul Guidry (Guidry) appeals from a take nothing judgment rendered against him in

his suit against the Harris County Medical Society (Medical Society) based on allegations of negligence and fraud. The judgment will be affirmed.

Guidry sought damages against the Medical Society for its alleged negligence in continuing Dr. John R. Phillips' membership in the Society and its alleged fraud in furnishing false and fraudulent information to the plaintiff's mother in response to a telephone call as to the reputation of Dr. Phillips and the validity of a "carotid body" surgery which he advocated as a cure or treatment for asthma and emphysema.

This case grew out of an operation which was performed on Paul Guidry by Dr. Phillips in 1963. At that time Guidry was ten years of age and had been suffering from severe asthma since he was a baby. He suffered from many allergies, was frail, and had had pneumonia on five different occasions. In 1963 a friend informed appellant's mother that his asthma had been relieved by a carotid body surgical procedure which had been performed by Dr. Phillips. On the basis of this recommendation Mrs. Guidry took appellant to Dr. Phillips for the surgical procedure forming the basis of this claim for damages.

In 1972 Guidry sued Dr. Phillips, the Medical Arts Hospital and the Medical Society. The suit was later severed into three separate cases. The primary basis for the suit against the Medical Society involved a telephone call that Mrs. Guidry claims to have made to the Medical Society before Dr. Phillips' surgery on her son. In this alleged telephone conversation, Mrs. Guidry testified, a representative of the Medical Society gave her fraudulent and misleading information regarding Dr. Phillips and the proposed surgery. She asserted that if she had not been given this fraudulent information she would not have allowed Dr. Phillips to operate on her son.

The Medical Society denied that any of its representatives gave Mrs. Guidry fraudulent or misleading information. In answer to the first special issue the jury refused to find that the Medical Society had made the alleged fraudulent and misleading statements to Mrs. Guidry. The related predi-

cated issues and the damage issues were unanswered.

The appellant first asserts that the trial court erred in quashing the subpoenas directed to the Medical Arts Hospital and Jim Jones, Administrator, requiring the production of records relating to Dr. Phillips. He also asserts that the trial court erred in quashing the subpoena served on Mrs. Dean Little, Custodian of the Harris County Medical Society's records, to produce records pertaining to Dr. John Phillips.

■ The trial court correctly quashed these subpoenas for the grievance records of the Medical Arts Hospital and the Harris County Medical Society as to Dr. Phillips because such records are confidential and not available for court subpoena. Tex.Rev. Civ.Stat.Ann. art. 4447d, § 3, (Vernon 1976); *Texarkana Memorial Hospital, Inc. v. Jones*, 551 S.W.2d 33 (Tex.1977); *Hood v. Phillips*, 554 S.W.2d 160 (Tex.1977); *Goodnight v. Phillips*, 418 S.W.2d 862 (Tex.Civ.App.— Texarkana 1967, writ ref'd n. r. e.); *Jeffcoat v. Phillips*, 417 S.W.2d 903 (Tex.Civ. App.—Texarkana 1967, writ ref'd n. r. e.)

Guidry contends that the action of the court in quashing the subpoena *duces tecum* deprived him of the oral testimony of Jim Jones, the Administrator of the Medical Arts Hospital. Rule 178, Tex.R.Civ.P., provides that a subpoena may be issued at any time. There is no showing that the district clerk refused to issue a subsequent subpoena for Jones individually. In addition Guidry failed to show, by bill of exception or otherwise, the testimony he expected to elicit from Jones. In the absence of a bill of exception detailing the expected testimony this court is unable to determine the materiality of the proposed testimony. No reversible error is shown. *Gulf Paving Co. v. Lofstedt*, 144 Tex. 17, 188 S.W.2d 155 (1945).

By several points of error Guidry has complained that the trial court erred and abused its discretion in excluding plaintiff's exhibit 23, a purported copy of the original records of the Harris County Medical Society pertaining to Dr. Phillips. He further complains that the trial court abused its

discretion in granting defendant's motion in limine. The motion was designed to prevent any interrogation or inquiry of any lay or expert witness with respect to any of the grievances and other records of the Harris County Medical Society indicating unethical conduct by Dr. Phillips and negligence or fraud in performing the surgery on the plaintiff. Guidry asserts that the trial court erred in sustaining objections to the testimony of several doctors, and bills of exception were perfected as to each of them concerning knowledge of Dr. Phillips' alleged unethical and negligent practices. The bills of exception show that the doctors were members of various medical society committees who had knowledge of the grievances presented against Dr. Phillips. The testimony would have constituted evidence as to what the Medical Society knew, or should have known, concerning the conduct of Dr. Phillips.

▪ We find it unnecessary to consider each of these points individually. It is not shown that any of the witnesses could have given any material testimony with reference to whether or not the Harris County Medical Society, through its agents, servants or employees, made any of the statements or representations inquired about in the first special issue. The knowledge which the Medical Society may have had concerning complaints made against Dr. Phillips concerning the efficacy of his methods of treatment of asthma and emphysema was not harmful error because of the jury's answer to special issue No. one.

▪ The reversal of a trial court's judgment is not justified unless an examination of the record as a whole leads to the conviction that the error in refusing to admit the testimony was calculated to cause and probably did cause the jury to give a different answer than the one it did to all issues necessary to support the judgment. *State of Texas v. Parrish*, 159 Tex. 306, 320 S.W.2d 330 (1958). The fact that the testimony excluded might have been material and persuasive to jurors in answering issues other than special issue No. one is immaterial. These issues were predicated on an affirmative answer to special issue No. one. Since there was no affirmative answer, the charge did not permit an answer to the predicated issues. As these issues became immaterial, error in excluding evidence tending to support favorable answers for the plaintiff on those issues is harmless. *Flores v. Missouri-Kansas-Texas Railroad Company*, 365 S.W.2d 379 (Tex.Civ.App.— Dallas 1963, writ ref'd n. r. e.). *McElwee v. Rice*, 359 S.W.2d 552 (Tex.Civ.App.—Eastland 1962, writ ref'd n. r. e.). *Connor v. Heard and Heard Inc.*, 242 S.W.2d 205 (Tex. Civ.App.—San Antonio 1951, writ ref'd n. r. e.).

In addition plaintiff's exhibit 23, which purported to be a true copy of the original records of the Harris County Medical Society pertaining to Dr. Phillips, was shown to have been a copy made by the plaintiff's attorney from records presented at a previous trial of a case in which Dr. Phillips was a defendant. It was not proven by proper evidence to be an admissible record of the Medical Society, and, thus, was subject to the objection that the matter contained in the proposed exhibit was hearsay.

The bylaws of the Medical Society, including amendments through November 11, 1964, provided with reference to eligibility for membership:

> The Society will judge the qualifications of its members; but, as it is the only door to the Texas Medical Association and to the American Medical Association for physicians within its jurisdiction, all reputable legally qualified physicians who hold the degree of Doctor of Medicine, who are legally registered to practice medicine in Texas, who are residents of Harris County, who do not hold themselves out as practitioners of sectarian medicine, and who subscribe to the Principles of Medical Ethics of the American Medical Association, are eligible for membership.

The bylaws provide that complaints against members of the Society may be received in written form. These complaints are referred to a grievance committee for investigation. If the matter is considered sufficiently serious the grievance committee may refer the complaint to the board of

censors. The board of censors will then conduct an independent investigation. If the board determines that the charges are of sufficient gravity it may present formal charges to the executive board. Thereafter a trial may be conducted before the executive board, and if the doctor on trial is found guilty, he may be censored, suspended, or expelled. If a doctor is expelled, he may apply for readmission after one year.

It is the duty of the secretary of the Society to notify the executive secretary of the State Medical Association of any restrictions placed by the Society against any of its members. The secretary is also required to notify the chief of staff of each hospital in Harris County whose prerequisites for appointment include membership, or eligibility for membership, in the Society of any disciplinary action taken by the executive board against a member, naming the member disciplined, and giving the type of disciplinary action. However, the notification provisions do not apply to members censured without formal trial. The bylaws also make provision that the records and correspondence of the grievance committee, the board of censors, and the executive committee with reference to grievances will be confidential.

There was evidence that prior to 1963 complaints had been filed with the Medical Society concerning Dr. Phillips. There was also testimony that Dr. Phillips performed the operation in question on the plaintiff in the Medical Arts Hospital, and that the hospital would not have permitted Dr. Phillips to use its facilities had he not been a member of the Medical Society. There is also testimony that Dr. Phillips was a member of the Medical Society on the date of the operation.

The Medical Society was a voluntary association of doctors. It determined the qualification necessary for membership in the Society, and, by an appropriate process, the membership determined whether or not a member of the Society should be expelled. The duty placed on the membership by the bylaws of the organization to police the ethics of the members of the Society ran to the other members of the Society and not to the general public. The committee members determined what constituted an offense worthy of punishment, whether the member was guilty of such an offense, and the penalty to be assessed against him.

The fact that complaints had been filed with the association against a doctor would not justify the conclusion that he was guilty of material misconduct. There could be no duty on the Society to transmit information to the general public that complaints had been filed with the Society against a member where the complaints were trivial or not well founded. The general public has no right to require a private association of professionals to expel a member even though he be guilty of conduct which the general public or, for that matter, a jury might consider to be outrageous conduct or a breach of the professional's duty to his client or patient. The doctor, lawyer, or other professional is responsible for his own conduct. The courts and other agencies of the State are set up for the purpose of enforcing the public's complaints against such professionals.

■ No cause of action is stated against the Society by allegations that it was negligent in failing to furnish information concerning the grievances filed against Dr. Phillips with the Society, to the Medical Arts Hospital or the State Board of Medical Examiners, or in failing on inquiry to furnish such information to the general public. The duty of the Medical Society to volunteer information about a member of the Society is no different from that of its individual members. See, *Jeffcoat v. Phillips*, 534 S.W.2d 168 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.).

■ Evidence that particular complaints had been filed with the Society concerning the conduct of Dr. Phillips would not be helpful to the jury in determining as a matter of fact whether certain statements were made to the plaintiff's mother concerning Dr. Phillips. In the absence of a duty to reveal the contents of its confidential files to the Hospital or to the Board of Medical Examiners, and in the absence of a duty to the general public to expel the doctor from membership in the Society,

there was no error in refusing to admit the testimony of the various doctors called by the plaintiff with reference to their knowledge of the complaints filed against Dr. Phillips with the Society. *State v. Parrish, supra; Barmore v. Safety Casualty Company*, 363 S.W.2d 355 (Tex.Civ.App.—Beaumont 1962, writ ref'd n. r. e.).

Appellant asserts that the trial court erred in excluding the deposition of Dr. Thomas L. Petty in that it was material to the issues relating to the plaintiff's damages and the issues of negligence, fraud or misrepresentation of the Medical Society, and because the plaintiff was entitled to establish for the jury's consideration the "standard of medical care" in connection with carotid body surgery. The refusal to admit the contents of this deposition in so far as it pertained to damages is not reversible error since the jury verdict afforded no basis for a judgment awarding damages to the plaintiff. Most of the deposition of Dr. Phillips was also excluded. For the reasons previously discussed, the trial court did not err in sustaining objections to deposition testimony of Dr. Petty and Dr. Phillips.

The trial court did not err in refusing a motion for a mistrial based on a comment made by the judge concerning "rabbit trails." The damage, if any, done by this comment was cured by the trial judge's careful instruction to the jury. During the plaintiff's argument his attorney commented on the fact that the defendant objected to testimony concerning grievances which may have been filed against Dr. Phillips with the Harris County Medical Society. It appears from the statement of facts that after an objection was made to this line of argument the attorney interrupted the court's response to the objection and continued:

Because the records are not before you at this time you have to base your decision on something that is balled up into only one thing. Ladies and gentlemen, that these people have complaints registered against Dr. Phillips, that they are too ashamed to let you listen to.

At that time the defendant's attorney made another objection and the court stated:

I am going to make a statement for the record. I have excluded the contents of any alleged grievances against Dr. Phillips because it is not germane to this lawsuit as to what the contents of those grievances were. I don't want to have to try other things when trying this case. I'll however, instruct you, ladies and gentlemen, that there have been grievances, that there have been since November 1963, against Dr. Phillips. Let us continue.

The plaintiff's motion for mistrial was denied and the trial court refused to instruct the jury to disregard the statement which he had previously made. Plaintiff's attorney again began arguing that the defendants had concealed records. An objection was promptly made and sustained. Again counsel for plaintiff called to the attention of the jury the fact that he brought members of the Harris County Medical Society into court as witnesses and the defendant refused to question them about the records and objected to the plaintiff's questions "continuously."

The manner in which the trial was conducted was not a legitimate subject of argument to the jury. The trial judge showed admirable restraint under the circumstances. On appeal plaintiff asserts that the court's statement including the phrase "contents of the alleged grievances against Dr. Phillips" constituted unsworn testimony as did the instruction that there have been grievances filed against Dr. Phillips "since 1963." The objection made at the trial to the court's statement did not include these particular complaints. Any error on part of the trial court in making this statement was not such as was calculated to cause or probably did cause the rendition of an improper judgment. Tex.R. Civ.P. 434.

■ In points fourteen and fifteen the appellant complains of the trial court's refusal to give certain requested instructions to the jury. The trial court did not abuse

its discretion in refusing to instruct that Article 4447d, Tex.Rev.Civ.Stat.Ann. (Vernon 1976), requires that the records and proceedings of hospital committees and medical organization committees shall be confidential and shall not be available for court subpoenas. Nor did the trial court err in refusing to submit to the jury a proposed instruction concerning fraud submitted by the plaintiff. The cause of action was based on fraudulent misrepresentations. The trial court properly submitted the issue as to whether the representations were, in fact, made and the jury failed to find that they were made. Even if the proposed instruction were in proper form, a matter we need not decide, the failure to submit the instruction could not be reversible error. *Morgan v. J.C. Penney Company, Inc.,* 502 S.W.2d 907 (Tex.Civ.App.—Amarillo 1973, no writ); *Texas and New Orleans Railroad Co. v. Broadway,* 345 S.W.2d 814 (Tex.Civ. App.—Beaumont 1961, no writ).

 Appellant's points sixteen through nineteen deal with the trial court's refusal to submit special issues relating to the negligence of the Society in maintaining Dr. Phillips as a member. The plaintiff did not use the Society's referral service, so any negligence of the Society in keeping Dr. Phillips' name on its referral records would be immaterial in this case. In 1963, Dr. Phillips was a member in good standing of the association. Conveying that information to the plaintiff's mother could not be negligent conduct. In addition it is not established as a matter of law that an inquiry was made by the plaintiff's mother concerning Dr. Phillips' membership in the Society. The issues requiring whether it was negligence to give certain information to "the public" or instructing employees to give certain information to "the public" cannot be material issues in the absence of a finding that the plaintiff's mother was told by an employee of the Society that Dr. Phillips was "a member in good standing" of the Society. The trial court did not err in refusing to submit these issues.

The appellant also has attacked the three findings returned by the jury in answer to special issue No. one on grounds of the legal and factual insufficiency of the evidence to sustain the findings. The plaintiff's mother, who originally brought the suit as next friend, is the only witness who testified that she was given information concerning Dr. Phillips by the Medical Society prior to the operation on her son. Her testimony was impeached to the extent that the jury was not required to believe her testimony with regard to the telephone conversation. Considering the record as a whole we do not find that the answers made by the jury to special issue No. one were so contrary to the great weight and preponderance of the evidence as to be clearly wrong. Since the appellant had the burden of proof on the issue the answers made by the jury need not be supported by affirmative evidence. *Smith v. Safeway Stores, Inc.,* 433 S.W.2d 217 (Tex.Civ.App.— Tyler 1968, writ ref'd n. r. e.).

Since we have considered all of the points of error raised by the appellant in light of the entire record and have found no reversible error, the judgment of the trial court is affirmed.