## WICHITA FALLS MOTOR CO. v. MEADE.
### (No. 1314.)

(Court of Civil Appeals of Texas. Amarillo. March 13, 1918. Rehearing Denied May 8, 1918.)

1. MASTER AND SERVANT ⬥258(12) — INJURIES TO SERVANT—PLEADING.

While it is the general rule that an injured employé must allege and prove the specific acts of negligence proximately causing the injury, a petition in a servant's action for personal injuries by a defective motor-driven sheet metal shears which alleged generally that the machine was defective, but that the servant was not familiar with the machine, and was unable to state specifically the defects therein, and that such defects were peculiarly within defendant's knowledge, was sufficient.

2. MASTER AND SERVANT ⬥356—WORKMEN'S COMPENSATION—ASSUMPTION OF RISK.

Where it appears that a company sued for personal injuries by its servant employs more than five servants, it is subject to the Workmen's Compensation Act,[1] whether a subscriber or not, and consequently cannot plead assumption of risk.

3. TRIAL ⬥127 — CONDUCT OF COUNSEL — QUESTIONS AS TO INSURANCE.

In a personal action it was error to admit a statement by plaintiff that one who had investigated the accident said he was "working for the insurance company."

4. WITNESSES ⬥387 — INCONSISTENT STATEMENTS—CROSS-EXAMINATION.

Where plaintiff has testified to facts apparently contradictory to a statement made by him out of court, defendant has the right to fully cross-examine plaintiff as to such inconsistency.

5. WITNESSES ⬥396(2) — INCONSISTENT STATEMENTS—WRITINGS.

In a personal injury action in which portion of written statement of employé made out of court was introduced to show statements inconsistent with his testimony at trial, remaining portion of statement relating to matters immaterial on issue of inconsistency was properly excluded.

Appeal from District Court, Wichita County; E. W. Nicholson, Judge.

Action by Noble Meade, by next friend, against the Wichita Falls Motor Company for personal injuries. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Martin, Bullington, Boone & Humphrey, of Wichita Falls, for appellant. Weeks & Weeks, of Wichita Falls, for appellee.

HALL, J. This suit was instituted by appellee, a minor, then 19 years of age, through his mother, as next friend, against appellant company, to recover for personal injuries alleged to have been sustained while he was employed by appellant company in its factory at Wichita Falls. He alleges, in substance, that he had been employed for several months prior to January 3, 1916; that at all times during said employment defendant had more than five employés in its factory, and was entitled to become a subscriber under the provisions of the 'Workmen's Compensation Act;[1] that appellee was employed as a clerk in the storeroom of the factory, working with one Guy Davis, who was his vice principal and foreman; that on the date mentioned he was instructed by the said Davis to procure some material for making signs from the storeroom; that in carrying out said instructions he went into the sheet metal department of said factory to cut said material with a motor-driven sheet metal shears situated in that department. He then describes the shears and their operation in detail, setting out the alleged defects, and further alleges:

"That, if he be mistaken as to the cause of said shears making the extra stroke which severed his fingers as above set forth, then plaintiff says that said extra strokes were caused and brought about by some defect in said machine, known to defendant, but unknown to plaintiff, which defect it was the defendant's duty to remedy."

He alleged his want of experience in handling such tools; that the machine was a dangerous instrumentality; that appellant's servants knew these facts, and negligently failed to warn plaintiff, although they knew he was a minor and inexperienced; that appellant failed to furnish him a reasonably safe place to work or reasonably safe and suitable tools with which to perform the services required of him, and failed to use reasonable care to keep said tools in safe state of repair. After general and special exceptions and general denial appellant answered that plaintiff was employed as a clerk in a storeroom; that his duties consisted in keeping said storeroom and securing and distributing the materials deposited there; that he had been employed in this capacity about two years, and had no authority to go into the sheet metal department nor to use the power machine with which he cut off his fingers; that he was acting wholly without the scope of his employment, by reason of which he assumed all the risk incident thereto; that he knew or could have known by the

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Acts 33d Leg. c. 179 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246h et seq.).

exercise of ordinary care the danger of using the machine; that he was guilty of contributory negligence proximately causing his injury. By supplemental petition appellee excepted to all that part of appellant's answer which set up the defense of assumed risk. A trial resulted in 'a verdict and judgment in appellee's favor for $1,800.

[1] The first assignment of error is that the court erred in overruling appellant's special exception to that part of the petition alleging that, if neither of the specific allegations contained the correct reason and cause of the injury, the extra strokes of the machine were caused and brought about by some defect in the machine known to the defendant and unknown to plaintiff, which defect it was the defendant's duty to remedy. The contention is that appellee should be required to allege and prove the specific acts of the master which are relied upon by the servant to show negligence proximately causing the servant's injury. While this is a general rule, if the injured party is not familiar with the machine and alleges his inability to state more specifically the defects, a general allegation is not improper. Texas Co. v. Giddings, 148 S. W. 1142. The allegation here is that the facts are peculiarly within the defendant's knowledge.

[2] Complaint is made under the second assignment of the court's action in sustaining the appellee's exception to all that part of the answer which set up the defense of assumed risk. It having been shown that appellant company employed more than five servants, it was subject to the provisions of the Workmen's Compensation Act whether as a matter of fact it had really become a subscriber. This court has held that the effect of that act is to abolish assumed risk as a defense in cases of this character. Memphis Cotton Oil Co. v. Tolbert, 171 S. W. 309.

[3] Soon after the accident one John P. Marrs visited the appellee, interrogated him with reference to the occurrence, and took a written statement from him concerning it. While appellee was upon the stand this question was asked concerning Marrs: "Did you know for whom he was acting when he got this statement?" Appellee replied: "He told me he was working for the insurance company." This testimony was improper, and should not have been elicited. When considered in connection with other testimony which tended to create sympathy in behalf of appellee, we think it was highly prejudicial, and the admission of such testimony has often been condemned in this state. Fell v. Kimble, 154 S. W. 1070; Levinski v. Cooper et al., 142 S. W. 959; Houston Car Wheel Machine Co. v. Smith, 160 S. W. 435; Gordon-Jones Construction Co. v. Lopez, 172 'S. W. 987.

[4] While appellee was upon the witness stand, he testified to certain facts apparently at variance with facts set out in the statement taken by Marrs. After he had been examined and cross-examined with reference to the matter and the contradictory testimony as contained in the statement had been offered in evidence, appellee's counsel sought to introduce the entire statement. This was objected to by appellant's counsel, because it contained this recital:

"My mother is a widow. She has two small children, girls, 12 and 14 years of age. I have a brother, Carl Meade, aged 17, who also stays here and works at the Western Union. My mother is dependent upon me and my brother for support. I am 19 years of age. My father is dead."

When appellant's counsel refused to permit the whole statement to be read, the court instructed the jury not to consider appellee's testimony with reference to the conflict. We think this was error. Appellant had the right to fully cross-examine appellee and to show, if possible, that he had made contradictory statements with reference to the occurrence.

[5] That portion of the statement wherein appellee speaks of the fact that his mother is dependent upon himself and his brother for support, that she has two minor daughters, is clearly inadmissible. When a portion of a written statement is introduced for the purpose of contradicting a witness, the party producing the witness is entitled to introduce such other portions of the statement as will explain or throw light upon such contradictory evidence, but matters wholly immaterial and irrelevant contained in the statement should not be admitted. The court did not err in refusing to peremptorily instruct the jury to find for appellant.

The eighth assignment is based upon the refusal of the court to give a special charge, but neither the charge nor the substance of it is set out in the brief and this assignment will not be considered.

The ninth, tenth, eleventh, twelfth, and thirteenth assignments complain of various paragraphs of the charge. If certain sentences of the 'charge be considered alone, they are subject to the criticism in some instances urged, but we think the charge, as a whole, is a fair presentation of the case to the jury.

On account of the error pointed out, the judgment is reversed, and the cause remanded.

---

⬀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes