Greenwood S. WOOTEN et al., Appellants,

v.

STATE of Texas, Appellee.

No. 10856.

Court of Civil Appeals of Texas.

Austin.

June 28, 1961.

Rehearing Denied July 19, 1961.

David L. Tisinger, Austin, for appellants.

Will Wilson, Atty. Gen., Robert L. Burns, Houston, of counsel, for appellee.

HUGHES, Justice.

The State of Texas, acting by and through the State Building Commission[1] sued to condemn 6,041 square feet of land near the State Capitol for use as a site for the Texas Supreme Court Building. The owners of this property were appellants, Greenwood S. Wooten and wife, Nina Belle Wooten.

The case was tried to a jury, the only issue submitted to it being one as to the value of the property condemned.

Appellants' first point is that the Trial Court erred in refusing to receive in

1. For its authority See art. III, Sec. 51-b, Texas Constitution, Vernon's Ann.St., art. 678m, Vernon's Annotated Civil Statutes.

evidence photographs of the interior of an apartment house located on the property in suit, and their fourth point is that the Court erred in receiving in evidence photographs of the interior of this building offered by the State and taken after such building had been vacated and its furnishings removed.

The pictures offered by appellants show the apartments depicted to be beautifully furnished, one picture being in color.

The pictures offered by the State and admitted show the apartment to be vacant and unfurnished. The blinds and drapes are gone, as is one commode seat, and there is litter on the floor.

In Taylor v. City of Austin, Tex.Civ. App., 291 S.W.2d 399, writ ref., N.R.E., a condemnation suit, we held that photographs of the interior of a house on the property which prominently displayed furniture was properly excluded from evidence. Our ruling is the same here.

Appellants say that the pictures excluded "were not mainly displays of furniture, but were photographs of the interior of the building and showed susceptibility of use."

There was no dispute that the apartments, and the building, were susceptible to use for apartment dwelling.

We will not quibble over the question of whether or not the pictures were mainly displays of furniture. If these were the only pictures of the interior of the building, we might treat the question more seriously. There were the pictures offered by the State, and admitted.

It is a trivial objection to these pictures to say that one shows a commode seat missing, and the other shows litter on the floor. We cannot believe that the jury was mislead or in the least influenced by these small matters.

The second and third points of error complain of the exclusion from evidence of the written appraisals of the property made by appellants' expert value witnesses, Joe Crow and C. T. Uselton.

Directing our attention to the Crow appraisal, we find that when Mr. Crow was being cross examined he was interrogated about a statement furnished him by Mr. Wooten showing gross income from the apartment house during the year July 1955 to July 1956 to be $9,992.35. This figure was about $1,500 in excess of the income as testified to by other witnesses.

The source of the $9,992.35 figure was Mr. Crow's written appraisal report. Counsel for the State read an excerpt from this report in questioning Mr. Crow about the income from the property and other matters.

Appellants complain that the whole report was not admitted in evidence when offered by them. They rely upon the rule, found in 45 Tex.Jur., Witnesses, Sec. 288, to the effect that when a witness is impeached he should be allowed to clear up a contradiction, and the rule found in 44 Tex.Jur., Witnesses, Sec. 175, to the effect that when part of a transaction only is shown on cross examination, the whole of such transaction may be shown on redirect examination provided it is relevant to the same subject brought out on cross examination.

The record shows that the use made by the State of the Crow appraisal was not for impeachment purposes but only to refresh the present memory of the witness Crow concerning the basis of his appraisal and evaluation of the property condemned. Mr. Crow understood this saying "I am refreshed." No part of the Crow appraisal was offered in evidence by the State. When a memorandum is used for the purpose indicated, it is not admissible in evidence. Secs. 550, 554, Texas Law of Evidence, McCormick and Ray, 2d Ed.

Moreover, appellee, in its brief, states that "the witness Crow testified to practically every item in his appraisal report and there is nothing in the report which explains or qualifies the one statement read to the witness." Appellants do not refute this statement, and we accept it.

Turning now to the witness, Mr. C. T. Uselton, we find that on cross examination he was asked if he had made a written appraisal report. He answered "no". When shown the written report, he admitted his error.

On direct examination the witness had testified that he had not figured the value of the property from an income standpoint. When confronted with the written appraisal report, the witness stated that it showed the value of the property calculated from an income approach. This value was less than the value given by the witness on the trial.

The State offered no part of the appraisal report in evidence. Appellants offered it all in evidence.

The State could have offered in evidence, for impeachment purposes, that portion of the report which contradicted the testimony given by the witness on the trial. This was not required nor necessary since the witness testified to the verity of the conflicting evidence.

■ Appellants were entitled to introduce such portions of the written appraisal report which would explain or throw light upon the recitals in it which contradicted the testimony of the witness. Wichita Falls Motor Co. v. Meade, Tex.Civ.App., Amarillo, 203 S.W. 71.

Appellants do not point to any portion of the report which falls within this rule and neither appellee nor we have been able to find in it any explanation of the contradictory statement which it contained.

Again, as concerning the Crow report, appellee states that the witness Uselton testified, in substance, to nearly everything contained in the report. Appellants do not reply to this statement, and we accept its correctness.

We are of the opinion that no error is reflected by these points; and that if there is error it is harmless under Rule 434, Texas Rules of Civil Procedure.

■ Appellants' last point is that the Court erred in refusing to allow evidence of depreciation in value of the furniture in the apartment house on the condemned property.

Appellants offered to testify that the amount of this depreciation was $12,500.

Appellants state that the merits of this point have "been indirectly considered by this Court in prior cases and determinations made which were unfavorable." The cases referred to are State v. Vaughan, Tex.Civ.App., 319 S.W.2d 349 and State v. Parrish, Tex.Civ.App., 310 S.W.2d 709, reversed on other points 159 Tex. 306, 320 S.W.2d 330.

The constitutional provision authorizing the present condemnation (art. 1, Sec. 17, Texas Constitution) states, in part, that "no person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation * * *."

The furniture here was not taken. It could not possibly have been damaged by this condemnation suit. It is the same furniture and in the same condition now as it was before its removal from the condemned building, unless it has been damaged by someone other than the State.

It is not contended here that this furniture could not be used elsewhere, in fact the bill of exceptions states that it was " * * * of a kind appropriate to a furnished apartment house. * * *" This statement clearly precludes the notion that the value of this furniture is peculiarly related to its location in this particular apartment building.

It is our opinion that this point is not well taken under the facts and the cases cited.

No reversible error appearing, the judgment of the Trial Court is affirmed.

Affirmed.