Albert E. BOWIE et al., Appellants,

v.

H. I. HARRIS, Appellee.

No. 3924.

Court of Civil Appeals of Texas.

Waco.

Nov. 9, 1961.

Rehearing Denied Dec. 7, 1961.

Brown, Bates, Brock & Morgan, Houston, for appellants.

Joe H. Tonahill, Jasper, for appellee.

McDONALD, Chief Justice.

This is an automobile collision case in which plaintiffs alleged that defendant attempted to pass plaintiffs in a no passing zone and negligently crashed into them, causing damage. Trial was to a jury which acquitted defendant of negligence, and found plaintiffs guilty of contributory negligence proximately causing the collision. The Trial Court entered judgment on the verdict that plaintiffs take nothing.

Plaintiffs appeal, contending that the Trial Court erred in admitting: 1) evidence to the jury that plaintiff had been given a misdemeanor ticket for a traffic violation growing out of the collision; 2) evidence of conviction and payment of fine for a misdemeanor.

Plaintiffs sued defendant for damages for negligently running his car into them. On the trial, the Trial Court permitted the defendant to prove the issuance of a traffic ticket to plaintiff Bowie, by the State Highway Patrol for "making an improper turn"; permitted introduction of the Justice of the Peace docket sheet showing plaintiff Bowie was convicted of "pass in a no passing zone", and fined $16.50; permitted defendant's counsel to interrogate plaintiff Bowie about having received a ticket; and permitted defendant's counsel to interrogate the Justice of the Peace about plaintiff Bowie's conviction for the traffic violation. Plaintiff sought to exclude the foregoing by motion in limine to instruct defendant's counsel not to mention same; by objection to same at the time of its introduction; and by motion for mistrial; all of which were overruled by the Trial Court.

The real issue here involved is whether plaintiff Bowie in fact *plead guilty* in Justice of the Peace Court to a traffic violation, or whether he was *found guilty,* absent a plea of guilty. If he plead guilty, his conviction based thereon is admissible under circumstances, as here, where the same act is involved in both criminal and civil proceedings. If, on the other hand, he did not plead guilty, but was found guilty, under circumstances other than upon a plea of guilty, such conviction is not admissible. Mooneyhan v. Benedict, Tex.Civ.App. (n. r. e.), 284 S.W.2d 741; 17 Tex.Jur. 575; Fisher v. Leach, Tex.Civ.App. (n. r. e.), 221 S.W.2d 384; Sherwood v. Murray, Tex.Civ.App. (n. w. h.), 233 S.W.2d 879; See also: Quesada v. Graham Ice Cream Co., Tex.Civ.App. (n. w. h.), 207 S.W.2d 120; Missouri, K. & T. Ry. Co. of Texas v. Creason, 101 Tex. 335, 107 S.W. 527.

Article 518, Code of Criminal Procedure, Vernon's Ann.C.C.P., provides that a plea of guilty in a misdemeanor case may be made either by the defendant, or his counsel in open court. Here, the plaintiff Bowie (who was defendant in the Justice Court misdemeanor case) was never in Justice Court and entered no plea of any sort personally. The record, viewed most favorably to the defendant (appellee herein) reflects that attorney Barber, who had been retained as associate counsel by plaintiff's chief counsel, contacted the Justice of the Peace about the ticket. Attorney Barber told the Justice of the Peace that he *would not* plead plaintiff guilty to the misdemeanor. The Justice of the Peace testified that attorney Barber stated "that

plaintiff was guilty but that he could not enter a plea of guilty for him." The Justice of the Peace stated to attorney Barber that he would "find him guilty." He assessed a fine of $16.50 which attorney Barber paid by check on his law firm. The Justice' of Peace docket sheet fails to reflect anything except that a complaint was made and $16.50 was paid.

Under the foregoing factual situation the Trial Court should have excluded all reference to and evidence of, the ticket, and conviction of plaintiff for misdemeanor in Justice Court. We think such error harmful and prejudicial, and that same amounted to such a denial of plaintiff's rights, as reasonably calculated to, and probably did, cause the rendition of an improper judgment in the case; and that plaintiffs are entitled to have their case tried free of such erroneous and prejudicial evidence.

Plaintiffs' points are sustained and the cause is reversed and remanded, at cost of defendant (appellee).

Reversed and remanded.