The STATE of Texas et al., Appellants,

v.

J. C. LANDERS et ux., Appellees.

No. 41.

Court of Civil Appeals of Texas.

Tyler.

April 2, 1964.

Ralph Prince, Crim. Dist. Atty., Gregg County, and George McCrea, Asst. Dist. Atty., Longview, for appellants.

Earl Roberts, Roberts & Smith, Longview, for appellees.

SELLERS, Justice.

This is a condemnation case brought by the State of Texas and the County of Gregg against J. C. Landers and wife, Effie Landers, for the purpose of acquiring right of way through the appellees' land in Gregg County, Texas. The suit involves some 12 acres, with the appellees' residence thereon near the City of Longview in Gregg County.

The trial was to a jury and the parties stipulated that all proceedings for the condemnation of the property were properly had up to the trial of the case in the County Court of Gregg County. Only one issue was submitted to the jury; and in answer to such issue, the jury found the value of the property condemned by appellants was $36,000.00.

The appellants duly filed a motion for new trial, and an amended motion for new trial which was overruled by operation of

law, the appellants having failed to call the motion to the attention of the court and secure a ruling thereon. The appellants have duly prosecuted an appeal to this court; and in their brief, they have only two complaints with respect to the trial of the case, which are as follows:

"FIRST POINT: The Court should not have admitted the testimony and deed of Mrs. Vera Calloway concerning the sale of her property to the State of Texas, condemnor, for the reason that said sale was not a voluntary sale and therefore not admissible as a comparative sale in determining the fair market value of the land condemned and taken by the State.

"SECOND POINT: The Court should not have admitted into evidence the exhibits of Defendant, said exhibits being the color slides showing the inside of Defendant's house and furnishings, for the reason that said exhibits were highly prejudicial and were entered into evidence solely to instill sentiment in the jury and inflame the minds of the jurors against the Plaintiffs."

Appellants' first point of error complains of admission of the deed from Mrs. Vera Calloway to the State of Texas, in which she conveyed a small tract of land adjoining appellees' land for road purposes.

It appears from the record that this deed was admitted in evidence after having been proven up by appellees and after cross-examination of Mrs. Calloway by attorneys for appellants and no objection whatever was made to its admission, nor was a motion made to suppress the same after its admission. The first complaint of admission of this deed is found in the amended motion of appellants for a new trial, which motion was never acted upon by the trial court but was allowed to remain filed in the trial court until it was overruled by operation of law. In this situation of the record, the authorities are uniform that this court cannot entertain an assignment of error which complains of the admission of evidence in the trial court where no objections to such evidence was made. Tex.Jur.2d, Vol. 23, Sec. 208, p. 320; Tex. Jur.2d, Vol. 3, Sec. 159, p. 438, and many authorities therein cited.

The other assignment of appellants complains of admission in evidence of certain colored pictures showing the inside of appellees' home with the furnishings therein.

Colored photographs are usually admitted upon the same proof as a black and white photograph. The courts seem to make no distinction insofar as color is concerned. While colored photography is of comparatively recent origin as compared to black and white pictures, when admissible, they are regarded, because of color, as a more faithful type of reproduction than black and white photographs. 53 A.L.R.2d, p. 1102.

Our Court of Criminal Appeals has held colored photographs admissible to show the condition of an injured party taken to a hospital when the accused was on trial for aggravated assault and the penalty assessed was two years in jail and a $500.00 fine. Cordero v. State of Texas, 164 Tex.Cr.R. 160, 297 S.W.2d 174.

It would seem to this court that, if colored pictures are admissible against a man on trial for his liberty, they would be admissible where only his property rights are involved. It would seem to be the contention of the appellants that the admission of colored photographs of the interior of the house, with its furnishings; such as, piano, pictures on the walls, and other furnishings, which were not taken by the condemnation suit would be calculated to arouse the jury's sentiment in favor of the appellees and cause them to allow excessive damages for the property taken. With this contention we cannot agree. The pictures were admitted with the instructions that the furnishings were not being taken and would not be considered for any purpose While it has been held not to be error to exclude such pictures of the interior of a building

being condemned with the furnishings intact (Taylor et ux. v. City of Austin, Tex. Civ.App., 291 S.W.2d 399; Wooten et al. v. State of Texas, Tex.Civ.App., 348 S.W.2d 281), the rulings were sustained because there were other pictures of the interior of the building admitted in evidence after the furnishings had been removed. We are of the opinion that the pictures were admissible and no doubt helpful to the jury in arriving at its verdict as to the value of the entire property.

Since we find no reversible error in the record, the judgment of the trial court is affirmed.