Antonio **BARRIOS** et ux., Appellants,

v.

Dewey Sampson **DAVIS**, Appellee.

No. 14983.

Court of Civil Appeals of Texas.

Houston.

May 18, 1967.

James C. Brady, Houston, for appellants.

Alice Giessel, Houston, Talbert, Giessel, Barnett & Stone, Houston, of counsel, for appellee.

WERLEIN, Justice.

This suit was brought by appellants, Antonio Barrios and wife against Dewey Sampson Davis to recover damages for personal injuries and damage to their station wagon. On the jury verdict the court entered judgment that appellants take nothing.

Appellants assert that the trial court erred in refusing to admit in evidence the testimony of appellee with respect to an alleged plea of guilty to the offense of negligent collision in the Corporation Court of the City of Houston in connection with the collision made the basis of the present suit, and also in excluding the testimony of one James C. Pittman, an officer of said court, concerning the alleged entry of appellee's plea of guilty or that of his wife. The case is before us with only a partial statement of facts and a supplemental partial statement of facts. Appellants called appellee as an adverse witness and the latter testified out of the presence of the jury. The parties stipulated as follows with respect to his testimony:

"The defendant, Dewey Sampson Davis, testified that as a result of the collision in question, he was issued a ticket by the Houston Police Department, charging him with the offense of Negligent Collision. That he did not appear in person in court, but had his wife go down to the Corporation Court and Paid $25.00 in cash for him."

James C. Pittman, called as a witness by appellants, testified:

"THE WITNESS: My name is James C. Pittman and I am a city auditor for corporation court and have been since May 24, 1965. As such I am responsible to the clerk of the court for security of cash as well as legal documents held by the Court. Such documents are under my supervision.

"Plaintiffs' exhibit 2 is a complaint drawn against Dewey Sampson Davis, white, male, sixty-one years of age, and exhibit 3 is a citation issued to the same person on May 5, 1964. Exhibits 2 and 3 are certified by a deputy clerk. This complaint was paid on May 11, 1964. The acceptance of cash for the satisfaction of a fine is a plea of guilty. This was paid in person by cash."

CROSS EXAMINATION BY MR. GIESSEL

\* \* \* \* \* \*

"THE WITNESS: The records show that cash was paid and accepted by somebody and does not show any plea, only the acceptance of $25 in cash."

■ The trial court did not err in excluding the foregoing testimony from the jury. It is true that where a defendant appears in person and pleads guilty to the negligent acts charged against him, his plea of guilty is admissible as an admission in a civil suit brought to recover damages resulting from such negligent acts. Canales v. Bank of California, 316 S.W.2d 314, Tex.Civ.App.1958, writ ref., n. r. e.; Fisher v. Leach, 221 S.W.2d 384, Tex.Civ.App. 1949, writ ref., n. r. e.

■ Article 27.14, formerly Article 518, Vernon's Annotated Code of Criminal Procedure, provides that a plea of "guilty" or a plea of "nolo contendere" in a misdemeanor case may be made either by the defendant or his counsel in open court. In the instant case there was no plea of guilty by appellee or his counsel. There was no plea whatever by anyone. The payment of the $25.00 fine by appellee's wife did not constitute a plea of guilty. Prior to 1965, and at the time of the accident in question, payment of a fine did not constitute a finding of guilty in open court as though a plea of nolo contendere had been entered by the defendant, as it now does. Even had there been a plea of guilty it would not have been admissible in this civil suit unless made in accordance with law. Johnson v. Woods, 315 S.W.2d 75, Tex.Civ.App.1958, writ ref., n. r. e.; Sherwood v. Murray, 233 S.W.2d 879, Tex.Civ.App., no writ history; Bowie v. Harris, 351 S.W.2d 668, Tex.Civ. App.1961, writ ref., n. r. e.; Mooneyhan v. Benedict, 284 S.W.2d 741, Tex.Civ.App., writ ref., n. r. e.

■ Appellants assert that the court erred in permitting appellee's counsel, over their objections and exceptions, to interrogate appellants' doctor, one Dr. Brown, with respect to the number of cases he had testified in, the counties where such cases were tried, the fees which he charged, the amount collected by him in one year from lawyers in cases referred to him by lawyers, and that he was well known as a doctor who testified in court on behalf of injured people. We are of the opinion that the court did not commit any reversible error in permitting appellee's counsel to ask such questions and to solicit answers thereto. The law is well settled that on cross-examination a witness may be questioned as to facts or acts tending to show bias, interest, or prejudice, and that questions relative to interest, bias or prejudice are never collateral or immaterial, and further that in the use of cross-examination to show interest or bias or prejudice the greatest latitude is allowed, the scope in any particular instance being a matter largely within the discretion of the trial court. McCormick & Ray, Texas Law of Evidence, Vol. 1, pp. 521–522, Sec. 679; Horton v. Houston & T. C. Ry. Co., 46 Tex.Civ.App. 639, 103 S.W. 467, Tex.Civ.App.1907, error ref.; Traders & General Insurance Co. v. Robinson, 222 S.W.2d 266, Tex.Civ.App.1949, writ ref.; Martin v. Liberty Mutual Insurance Company, 388 S.W.2d 27, Tex.Civ. App.1965, writ ref., n. r. e.

■ Furthermore, since the case is before us without a complete statement of facts, it is impossible for this Court to say that the error of the court, if such there was, was calculated to cause and probably did cause the rendition of an improper verdict or judgment. Rule 434, Texas Rules of Civil Procedure. City of Austin v. Cannizzo, Tex.Sup.1954, 267 S.W.2d 808; Duin v. King, 317 S.W.2d 236, Tex.Civ. App.; Klimist v. Bearden, 374 S.W.2d 783, Tex.Civ.App.; Martin v. Liberty Mut. Ins. Co., 388 S.W.2d 27, Tex.Civ.App.1965, writ ref., n. r. e.

Judgment affirmed

COLEMAN, J., not sitting.