The STATE of Texas, Appellant,

v.

Ernst REEH et ux., Appellees.

No. 14715.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 15, 1968.

Rehearing Denied Dec. 4, 1968.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., A. J. Carrubi, Jr., Watson C. Arnold, Woodrow W. Curtis, C. W. Percy, Asst. Attys. Gen., Austin, Joseph W. Burkett, Jr., Kerrville, C. L. Snow, Jr., San Antonio, for appellant.

Jack R. King, Beaumont, Joseph F. Leonard, Jr., Kerrville, for appellees.

BARROW, Chief Justice.

This is an appeal by the State from a judgment based on a jury verdict in a condemnation action whereby condemnees recovered $42,000 for 140.15 acres of land taken for highway purposes and $42,000 for damages to condemnees' remaining 946.-55 acres situated in Kerr County, Texas.

The State urges three points of error: 1. The error of the court in permitting condemnees' attorney to reveal the purported selling prices of land not established as comparable during his cross-examination of State's value witness. 2. The trial court erred in permitting condemnees' attorney to state before the jury that the State's value witness had "come up with sales of the lowest values he could find" during the cross-examination of said witness. 3. The trial court erred in denying State's motion for judgment non obstante veredicto and motion for new trial because it was never cited and served with a copy of condemnees' objections to the award of the Special Commissioners.

■ Inasmuch as the third point, if sustained, could require a rendition of said judgment, it is considered at the outset. On March 29, 1967, a petition for condemnation was filed in the County Court of Kerr County by the State of Texas, acting by and through the State Highway Commission, and represented therein by the Attorney General of Texas, for condemnation of 138.966 acres of land in fee simple and an additional 1.185 acres for drainage easement purposes from condemnees' ranch consisting of about 1,086 acres. The Special Commissioners entered an award of $32,205 on May 11, 1967, and on June 2, 1967, condemnees filed their objections to said award with the County Judge. This award was deposited by the State on June 19, 1967, and withdrawn by condemnees on July 12, 1967. Although State was never cited, as required by Art. 3266, § 6, Vernon's Ann.Civ.St.,[1] the cause was set, in August, 1967, for trial on November 27, 1967, with the knowledge of the Attorney General. On that date the State appeared by and through the Attorney General and a representative of the State Highway Commission, together with condemnees and

1. "If either party be dissatisfied with the decision, such party may, on or before the first Monday following the 20th day after the same has been filed with the county judge, file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court."

their attorneys, and this cause proceeded to trial without objection of either party. It was stipulated at the beginning of the trial by said parties that "all necessary and legal steps have been taken to confer jurisdiction of this court."

State does not contend that it did not receive a copy of the condemnees' objections, or that it was in any manner prejudiced by the failure of condemnees to cite it. It urges, however, that since the statute requires that the adverse party be cited, the Attorney General lacked the authority to waive same by entering an appearance. Art. 4411, Vernon's Ann.Civ.St.

■ In Denton County v. Brammer, 361 S.W.2d 198 (Tex.Sup.1962), it was held that Art. 3266, § 6, supra, places the burden upon the condemnee, where he files objections to the award of the special commissioners, to cause the issuance of citation and obtain service of such citation upon the condemnor. The condemnor is under no legal obligation to voluntarily answer without the service of citation. However, it has been held that the State, like any other party in a condemnation action, may waive the issuance of a citation by a voluntary appearance. State v. Jamail, 416 S.W.2d 473 (Tex.Civ.App.—Waco 1967, no writ); Culligan Soft Water Service v. State, 385 S.W.2d 613 (Tex.Civ. App.—San Antonio 1965, writ ref'd n. r. e.); City of Houston v. Huber, 311 S.W.2d 488 (Tex.Civ.App.—Houston 1958, no writ).

Here the jurisdiction of the Kerr County Court was properly invoked by the condemnees when they excepted to the award of the Special Commissioners. State v. Jackson, 388 S.W.2d 924 (Tex.Sup.1965). Thereafter the State, acting by and through the Attorney General, voluntarily appeared, fully participated in the three-day trial of this cause and did not raise any objection to the lack of service until after the verdict of the jury had been returned. We cannot say that the action of the Attorney General in entering this appearance prejudiced the rights of the State within the meaning of Art. 4411, supra. There was no necessity for securing the consent of the Legislature to this suit. Cf. Dept. of Public Safety of Tex. v. Great S. W. Warehouses, 352 S.W.2d 493 (Tex.Civ.App. —Austin 1961, writ ref'd n. r. e.). State's third point is therefore overruled.

■ State makes no complaint on this appeal that the verdict of the jury is excessive or that any prejudicial error was committed in connection with the testimony of condemnees' two expert witnesses. It urges, however, that it was prejudiced by improper cross-examination of its only expert witness, Mr. A. C. Schwethelm. Insofar as the remark of condemnees' attorney regarding the type of sales that said witness had brought before the jury, there is no point in State's amended motion for new trial urging such error, and therefore any error urged by State's second point has been waived. Rule 324, Texas Rules of Civil Procedure; Appellate Procedure in Texas § 8.2.

Under its first point, State complains of the error of the court in permitting condemnees' attorney to cross-examine Mr. Schwethelm as to sales which the witness denied were comparable to the tract in question. Mr. Schwethelm valued the land taken at $135.00 per acre as compared to the jury's award of nearly $300.00 per acre. On direct examination he testified that he had used five comparable sales and these sales ranged from $105.00 to $150.00 per acre. On cross-examination he was asked if he was familiar with the sale of a 50-acre tract in 1966 out of a 1583-acre tract which has been one of his comparable sales occurring in 1962. The objection of State was sustained after the witness had testified that he was not familiar with said sale. In accordance with the ruling made at this time, condemnees' attorney was permitted to cross-examine Mr. Schwethelm for impeachment purposes, of other sales with which the witness was familiar although he did not consider the tracts com-

parable. The court instructed the jury that the sales price of such a tract was not to be considered in connection with the value of the land in controversy.

The record shows that condemnees' attorney cross-examined Mr. Schwethelm in regard to thirteen sales which had not been previously verified by any witness. In regard to ten asserted sales, there was no interrogation regarding the sales price after Mr. Schwethelm testified he was not familiar with such sales. On one sale made to the witness' father, State withdrew its objection and permitted the witness to testify that the consideration was $200.00 per acre. On a sale of 51.39 acres, the court permitted condemnees' attorney to confirm by the witness that the sales price had been $245.00 an acre, after said witness said he was familiar with said sale. On another sale, condemnees' attorney stated in his question that a sale of August 5, 1966, involving 231.73 acres was for a consideration of $250.00 per acre, although the witness had testified he was familiar with the tract but not the sales price. In addition, said witness was cross-examined as to why he had not considered comparable three of the six tracts used by one of the expert witnesses called by condemnees. Condemnees' other expert witness used only two comparables which are included in the above three tracts.

■ Texas courts, along with a majority of other American jurisdictions, hold admissible the sales price or market value of other lands on land values in issue. State v. Baker Bros. Nursery, 366 S.W.2d 212 (Tex.Sup.1963); City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808 (1954); McCormick & Ray, Texas Law of Evidence, § 1524. In Hays v. State, 342 S.W.2d 167 (Tex.Civ.App.—Dallas 1960, writ ref'd n. r. e.) the rule was stated as follows: "Evidence of sales of *comparable* properties may be offered under three conditions: (I) on direct examination of expert or lay witnesses as independent substantive evidence of the value of the property to which the comparison relates, or (II) on direct examination of the value-witness to give an account of the factual basis upon which he founds his opinion on the issue of value of the real estate in controversy, or (III) on cross-examination of the value-witness to test his knowledge, experience and investigation and thus affect the weight to be given to his opinions." (Emphasis ours.)

■■ Condemnees urge that the trial court did not abuse its discretion in permitting the sales price to be shown by cross-examination even though the tract was not comparable, and, in any event, reversible error is not shown by this record. In McCormick & Ray, Texas Law of Evidence, § 1524, it is said: "The chief purpose of cross-examination being to test the accuracy and credibility of the witness, it is obvious that the manner of cross-examination and its extent must rest largely in the discretion of the trial judge." See also Varnado v. City of Groves, 329 S.W. 2d 100 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n. r. e.). Since the value given the condemned land is largely based upon the opinion of the expert witness, wide latitude must be given the cross-examiner in this type case. Such examination may extend to inquiry about properties other than those mentioned by the expert on direct evidence. The right of cross-examination does not include the right to introduce evidence which is not relevant, nor does it include the right to introduce unsworn testimony before the jury. Herfurth v. City of Dallas, 410 S.W.2d 453 (Tex.Civ.App. —Dallas 1963, writ ref'd n. r. e.); Nelson v. State, 401 S.W.2d 880 (Tex.Civ.App. —Austin 1966, writ ref'd n. r. e.).

■ If there is no evidence that a tract of land is comparable to that in question, the sales price of same is irrelevant. The sales price of a tract of land has nothing to do with its comparability to the land in controversy. Therefore, the trial court erred in permitting condemnees' attorney to interrogate Mr. Schwethelm as

to the sales price of land when there was no evidence that same was comparable and no assurance by counsel that subsequent evidence would be introduced to this effect. The trial court also erred in permitting condemnees' attorney to state the sales price of a tract of land after Mr. Schwethelm was unable to supply same. The court did not err in permitting condemnees' attorney to question said witness relative to whether he was familiar with other tracts and if so why they were not comparable to the subject land.

We conclude from an examination of the entire record before us that these two errors were not such as were reasonably calculated to cause and probably did cause the rendition of an improper judgment so as to cause a reversal. Rule 434, T.R.C.P.; State v. Parrish, 159 Tex. 306, 320 S.W.2d 330 (1959). As stated heretofore, there is no complaint that there is no evidence to support the verdict of the jury or that any answer of the jury is so against the great weight and preponderance of the evidence as to be manifestly unjust. Mr. Schwethelm was given full opportunity to explain why he did not consider these tracts as comparable. The trial court instructed the jury that the sales price inquired about in this cross-examination was not to be regarded as a comparable sale or to reflect any value on the subject property. The jury apparently followed the trial court's instruction and disregarded the sales price of these two tracts of land. We cannot see that State was prejudiced by this improper cross-examination in that condemnees' expert witnesses likewise did not consider these two tracts as comparable and, in fact, their valuations were above these sales prices.

The verdict of the jury is fully supported by the testimony of the expert witnesses called by condemnees. It is true that the verdict reflects that the jury undoubtedly disregarded the values placed on this land by Mr. Schwethelm. However, this was the jury's province as the judge of the credibility of the witnesses and the weight to be given their testimony. The physical facts demonstrated that condemnees' ranch which was in more or less a rectangular shape was greatly damaged by the controlled access highway in that it divided the property into three small tracts, with very limited access between the tracts. The jury could believe from the evidence that as a practical matter condemnees were put out of the ranching business.

It is our opinion from an examination of the entire record that reversible error has not been shown. The judgment of the trial court is therefore affirmed.